UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT FELVER,

Plaintiff,

Case No.
District Court Judge

v.

LEELANAU COUNTY,
SHERIFF MICHAEL BORKOVICH, in his individual capacity,
LIEUTENANT TODD RUSH, in his individual capacity,
CORRECTIONAL OFFICER GONZALES, in their individual capacity,
and PA PAKEISER, in their individual capacity,

Defendants.

---

Mark E. Sisson (P75250)
Trevor J. Zamborsky (P77244)
The Mark Sisson Law Firm, PLLC
Attorneys for Plaintiff
30200 Telegraph Road, Suite 102
Bingham Farms, MI 48025
Telephone: (248) 829-3088
Email: mssison@marksissonlaw.com
Email: tzamborsky@marksissonlaw.com

---

## PRIOR AND RELATED ACTIONS

1. Plaintiff previously filed Scott Felver v. Leelanau County Jail, Case No. 1:25-cv-00230-RJJ-MV, in the United States District Court for the Western District of Michigan. That action named Leelanau County Jail as the sole defendant.

2. On August 19, 2025, the Court entered an order adopting the Magistrate Judge's Report and Recommendation, granting the Leelanau County Jail's motion to dismiss, and terminating Case No. 1:25-cv-00230-RJJ-MV.

3. Plaintiff later filed Scott Felver v. County of Leelanau, et al., Case No. 1:25-cv-01163-RJJ-MV, arising from the same October 2022 events. Before filing this action, Plaintiff voluntarily dismissed that action without prejudice.

4. Correctional Officer Gonzales and Physician Assistant Pakeiser were not named as defendants in their individual capacities in Case No. 1:25-cv-00230-RJJ-MV.

## JURISDICTION AND VENUE

5. This is a civil action under 42 U.S.C. § 1983 seeking redress for the deprivation of rights secured by the Constitution of the United States.

6. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3).

7. Venue is proper in this District under 28 U.S.C. § 1391(b) because the events giving rise to Plaintiff's claims occurred in Leelanau County, Michigan, within the Western District of Michigan.

## PARTIES

8. Plaintiff Scott Felver is an individual who, at all relevant times, was incarcerated at the Leelanau County Jail in Suttons Bay, Michigan, while serving a twenty-two-day sentence.

9. Defendant Leelanau County is a municipal entity responsible for the operation of the Leelanau County Jail and for policies, practices, training, supervision, and customs governing the provision of medical care to incarcerated persons.

10. Defendant Correctional Officer Gonzales was, at all relevant times, employed at the Leelanau County Jail, acted under color of state law, and is sued in an individual capacity.

11. Defendant Physician Assistant Pakeiser was, at all relevant times, responsible for providing or facilitating medical care to inmates at the Leelanau County Jail, acted under color of state law, and is sued in an individual capacity.

## FACTUAL ALLEGATIONS

12. On or about October 1, 2022, Plaintiff was brought to the Leelanau County Jail to serve a twenty-two-day sentence.

13. On or about October 15, 2022, Plaintiff was attacked by another inmate, Samuel Lauremann.

14. As a result of the attack, Plaintiff sustained serious injuries, including broken ribs, a lacerated spleen, internal bleeding, and extensive facial bruising.

15. Plaintiff was transported to Munson Medical Center for treatment of those injuries.

16. On or about October 16, 2022, Plaintiff was returned to the Leelanau County Jail.

17. From approximately October 16 through October 25, 2022, Plaintiff continued to experience significant pain and complications from his injuries and required ongoing medical attention.

18. During that period, Plaintiff exhibited obvious and worsening symptoms and repeatedly requested medical evaluation, medication, and additional treatment.

19. Officer Gonzales and PA Pakeiser were aware of Plaintiff's recent hospitalization, serious injuries, continuing symptoms, and requests for medical care.

20. Despite that knowledge, Officer Gonzales and PA Pakeiser denied or delayed necessary medical evaluation and treatment.

21. Officer Gonzales and PA Pakeiser also refused to dispense antibiotics to Plaintiff.

22. Plaintiff's infection worsened while he remained in the jail, and his scrotum became severely swollen—approximately the size of a basketball.

23. Despite Plaintiff's obvious deterioration, Officer Gonzales and PA Pakeiser failed to ensure that Plaintiff received timely medication, adequate medical evaluation, or timely hospital-level care.

24. The denial and delay of medical care prolonged Plaintiff's pain, worsened his physical condition, and caused additional injury.

25. The course of events involved repeated denials or delays over multiple days and involved both correctional and medical personnel, rather than a single inadvertent omission.

26. Leelanau County was responsible for establishing and enforcing policies and procedures governing inmate medical care, medication administration, escalation of worsening medical conditions, and access to outside medical treatment.

27. Upon information and belief, Leelanau County failed to maintain and enforce adequate policies, training, and supervision to ensure that inmates returning from hospital treatment received timely follow-up care, necessary medication, and prompt escalation when their condition materially worsened.

28. Upon information and belief, Leelanau County's practices permitted or tolerated the denial or delay of necessary medical care and medication to incarcerated persons with serious medical needs.

29. The need for adequate training, supervision, and procedures concerning medication administration and escalation of serious post-hospital medical conditions

was obvious because jail personnel regularly exercise control over incarcerated persons' access to medications, providers, and outside emergency treatment.

30. Leelanau County's policy, custom, practice, and/or deliberately indifferent failure to train and supervise was a moving force behind the constitutional deprivation alleged here.

31. As a direct and proximate result of Defendants' acts and omissions, Plaintiff suffered physical injury, worsening infection, severe and prolonged pain, emotional distress, and other compensable damages.

**COUNT I**
**42 U.S.C. § 1983 - Deliberate Indifference to Serious Medical Needs**
**(Eighth Amendment - Against Gonzales and Pakeiser)**

32. Plaintiff incorporates by reference paragraphs 1 through 31 as though fully set forth herein.

33. Plaintiff's broken ribs, lacerated spleen, internal bleeding, infection, severe swelling, and associated pain constituted objectively serious medical needs.

34. Officer Gonzales and PA Pakeiser knew facts demonstrating Plaintiff's serious medical needs, personally recognized the substantial risk posed by delaying or denying treatment, and nevertheless consciously disregarded that risk.

35. Their conduct included denying or delaying medical evaluation and treatment and refusing to dispense antibiotics while Plaintiff's condition visibly worsened.

36. The alleged conduct constituted more than negligence, inadvertence, or a mere disagreement over medical judgment; it amounted to deliberate indifference to Plaintiff's serious medical needs.

37. As a direct and proximate result, Plaintiff suffered worsening infection, additional physical injury, severe and prolonged pain, emotional distress, and other damages.

**COUNT II**
**42 U.S.C. § 1983 - Municipal Liability**
**(Monell Claim - Against Leelanau County)**

38. Plaintiff incorporates by reference paragraphs 1 through 37 as though fully set forth herein.

39. Leelanau County was responsible for policies, customs, practices, training, and supervision governing inmate medical care at the Leelanau County Jail.

40. The County maintained, permitted, or failed to correct policies, customs, or practices under which incarcerated persons with serious medical needs could be denied or delayed necessary medical evaluation, medication, follow-up care, and outside treatment.

41. The County failed to provide adequate training and supervision concerning the timely administration of necessary medications, recognition of materially worsening medical conditions, and escalation of care for inmates returning from hospital treatment.

42. The need for adequate policies and training in these areas was obvious, and the failure to provide them created a substantial and predictable risk that inmates with serious medical conditions would be denied constitutionally adequate care.

43. The repeated denial and delay of care to Plaintiff over multiple days by both correctional and medical personnel was consistent with, and caused by, the County's policies, customs, practices, and/or deliberately indifferent failure to train and supervise.

44. The County's policy, custom, practice, and/or failure to train and supervise was a moving force behind the deprivation of Plaintiff's Eighth Amendment rights.

45. As a direct and proximate result, Plaintiff suffered physical injury, worsening infection, severe and prolonged pain, emotional distress, and other damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Scott Felver respectfully requests that this Court:

A. Enter judgment in favor of Plaintiff and against Defendants on the claims proven at trial;
B. Award compensatory damages in an amount to be determined by the jury;
C. Award nominal damages as permitted by law;
D. Award punitive damages against the individual Defendants to the extent permitted by law;
E. Award Plaintiff his reasonable attorney fees and costs under 42 U.S.C. § 1988;

F. Award pre-judgment and post-judgment interest as permitted by law; and

G. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

*s/ Mark E. Sisson*

Mark E. Sisson (P75250)
Trevor J. Zamborsky (P77244)
30200 Telegraph Road, Suite 102
Bingham Farms, MI 48025
Telephone: (248) 829-3088
Email: tzamborsky@marksissonlaw.com
Email: mssison@marksissonlaw.com